Seth Crosland
Crosland Law Firm, PLLC
1848 Norwood Plaza, Suite 205B
Hurst, TX 75064
Telephone: (972) 591-6919
Facsimile: (972) 408-0713
Email: Seth@croslandlawfirm.com

*Attorney for Plaintiff Angel Garcia*

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS

ANGEL GARCIA,

    Plaintiff,

vs.

ELEOS SERVICES, INC.,

    Defendant.

Case No.: 7:18-cv-00095

COMPLAINT

AND

JURY TRIAL DEMAND

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Angel Garcia, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant Eleos Services, Inc. (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive,

deceptive and unfair debt collection practices by many debt collectors, which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3.     The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation.  The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4.     To prohibit deceptive practices, Section 805(c) of the FDCPA mandates that a debt collector (Defendant) cease further communications with a consumer (Plaintiff) once the consumer (Plaintiff) notifies a debt collector (Defendant) in writing that the consumer (Plaintiff) refuses to pay a debt or that the consumer (Plaintiff) wishes the debt collector (Defendant) to cease further communication. 15 U.S.C. § 1692c(c).  The FDCPA further prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. § 1692d.

5.     Here, Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA.

**JURSIDICTION AND VENUE**

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

7.  Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

8.  Plaintiff, Angel Garcia, is a natural person, who at all relevant times has resided in the City of Midland, County of Midland, State of Texas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.  Defendant is a Kansas Corporation doing business in the State of Texas, with its primary place of business located at 8080 E. Central Avenue Suite 320, Wichita, KS 67206, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

10.  The alleged debt that Defendant is seeking to collect from Plaintiff is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. §1692a(5).

11.  On or about May 19, 2017, Plaintiff received a letter from the Defendant seeking to collect on an alleged debt due and owing by the Plaintiff to Southwestern Christian University-net, Account No. 2017-8635, in the amount of $1872.00 (hereinafter referred to as "the Account"). A true and accurate copy of the Collection Letter from Defendant dated May 19, 2017 is attached as Exhibit A).

12.  Shortly thereinafter in mid-May 2017, Defendant started a harassing and unrelenting telephone collection campaign on the Account calling Plaintiff on his cellular phone number (XXX) XXX- 1331.

13.  Emotionally distraught and frustrated over Defendant's unyielding and harassing campaign of collection calls, Plaintiff sent the Defendant a written request for validation letter dated June 1, 2017, which expressly included a cease and desist directive, demanding Defendant to cease and desist immediately any and all telephone contact with him on any and all of the

phone numbers that Defendant may have in its records for the Plaintiff (hereinafter referred to as the "Cease Letter").  A true and accurate copy of the Cease Letter is annexed hereto as Exhibit B.

14.    The Cease Letter was sent to Defendant via United States Certified Mail and was received by Defendant on June 5, 2017 at 1:04 PM.  True and accurate copies of the USPS Certified Mail Tracking Results are attached hereto as Exhibit C.

15.    Despite Defendant's receipt of Plaintiff's Cease Letter, Defendant blatantly ignored Plaintiff's written request and continued to place collection calls on the Account to his cellular phone (XXX) XXX-1331.  Subsequent and contrary to Plaintiff's Cease Letter, Defendant placed at least one (1) collection call to Plaintiff's cellular phone no. (XXX) XXX-1331 on June 9, 2017.  A true and accurate copy of the Plaintiff's cell phone screenshot of the violating call is attached hereto as Exhibit D.

16.    The above actions of the Defendant are in violation of the FDCPA.  Specifically, the violations incurred, include, but are not limited to Section 805 of the FDCPA, 15 U.S.C. §1692c(c), which provides: "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt."[1]

17.    Defendant's collection call to Plaintiff on June 9, 2017 after Defendant's receipt of Plaintiff's Cease Letter further constitute a violation of Section 806 of the FDCPA, 15 U.S.C.

---

[1] There are exceptions to the foregoing as set forth in 15 U.S.C. § 1692c(c)(1)-(3), none of which apply in this case.

§1692d, which prohibit the Defendant from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse [the Plaintiff] in connection with the collection of a debt."

18. Defendant's repeated actions set forth above both before and after the Cease Letter, were a nuisance, harassing and an invasion of Plaintiff's privacy that caused him stress and anxiety,

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(c) AND 15 U.S.C. § 1692d

19. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

20. Defendant's debt collection efforts on the Account attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(c) and 15 U.S.C. § 1692d.

21. As a result of Defendant's violations of the FDCPA, Plaintiff has been damages and is entitled to actual and statutory damages, attorneys' fees and costs in accordance with the FDCPA.

## RELIEF

WHEREFORE, Plaintiff, Angel Garcia, requests that this Court enter judgment against the Defendant and on behalf of Plaintiff for the following:

A. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

B. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

E. That the Court grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:   May 29, 2017

Respectfully Submitted,

s/Seth Crosland
Seth Crosland
Crosland Law Firm, PLLC
1848 Norwood Plaza, Suite 205B
Hurst, TX 75064
Telephone: (972) 591-6919
Facsimile: (972) 408-0713
Email: Seth@croslandlawfirm.com

*Attorney for Plaintiff Angel Garcia*